# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**ONLINE MERCHANTS GUILD** :
　　　　　　　　*Plaintiff* :
　　　　　　　　　　　　 : **No. 1:21-CV-0369**
　　　　**v.** :
　　　　　　　　　　　　 : **(Judge Conner)**
**C. DANIEL HASSELL, in his** : *Complaint Filed 02/26/21*
**official capacity as SECRETARY OF** :
**REVENUE, DEPARTMENT OF** :
**REVENUE** :
　　　　　　　　*Defendant* : **Electronically Filed Document**

---

## DEFENDANT'S BRIEF IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

　　　　　　　　　　　　**Respectfully submitted,**

　　　　　　　　　　　　**JOSH SHAPIRO**
　　　　　　　　　　　　Attorney General

　　　　　　By:

abowers@attorneygeneral.gov
Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 787-2038

　　　　　　　　　　　　**ANTHONY BOWERS**
　　　　　　　　　　　　Deputy Attorney General
　　　　　　　　　　　　PA 311155

　　　　　　　　　　　　**ALLISON DEIBERT**
　　　　　　　　　　　　Deputy Attorney General
　　　　　　　　　　　　PA 309224

　　　　　　　　　　　　**KAREN ROMANO**
　　　　　　　　　　　　Chief Deputy Attorney General
　　　　　　　　　　　　*Counsel* for Defendant

# INTRODUCTION

Although clothed in the (alleged) horrors and inequities of state tax collection, the Online Merchants Guild ("OMG") explicitly concedes this case *is not* about the Department's authority to assess, levy, or collect, state tax from its members. OMG makes that concession to avoid the jurisdiction-stripping effect of the Tax Injunction Act. The **only** issue actually before this Court is whether the Pennsylvania Department of Revenue had the authority to send a letter to businesses advising that they **_may_** be subject to Pennsylvania's income and sales tax laws.

OMG alleges the Department's letter violates the Due Process Clause, Commerce Clause, and Internet Tax Freedom Act, causing irreparable harm both to OMG itself and to OMG's non-resident Members, and requiring the extraordinary relief of a preliminary injunction to preclude such letters being sent. OMG's motion must be denied because OMG lacks standing to present that unripe dispute over which the principles of comity suggest this Court should avoid interfering. Moreover, OMG has failed to identify its remedy, much less demonstrate entitlement to the extraordinary remedy of a preliminary injunction. Because this Court lacks jurisdiction and OMG has not sustained its burden of showing entitlement to a preliminary injunction, its motion should be denied, and this action dismissed.

i

## **TABLE OF CONTENTS**

INTRODUCTION.................................................................................................. i

TABLE OF CONTENTS ...................................................................................... ii

TABLE OF AUTHORITIES ................................................................................ ii

STATEMENT OF ALLEGATIONS................................................................... 1

STATEMENT OF QUESTION(S) INVOLVED ............................................... 2

ARGUMENT .......................................................................................................... 2

    I.    The Court lacks Jurisdiction .................................................................. 2

        A.    Standing.............................................................................................. 3

            i.    The Guild does not have Standing on Behalf of Itself................. 6

            ii.    The Guild does not have Standing on Behalf of its Members ..... 7

        B.    Ripeness ............................................................................................ 10

        C.    Comity............................................................................................... 11

    II.    Plaintiffs cannot prevail on the merits ............................................... 12

        A.    Due Process ...................................................................................... 12

        B.    Commerce Clause ............................................................................ 14

        C.    Internet Tax Freedom Act .............................................................. 15

CONCLUSION ...................................................................................................... 15

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.8 ............................ 17

## **TABLE OF AUTHORITIES**

**Cases**

*Abbott Labs. V. Gardner*, 387 U.S. 136, 87 S.Ct. 1507 (1967) ......................................... 10

*American Resort Dev. Ass'n v. Gov't of the V.I.*, --- Fed.App'x.---, 2021 WL 868518 (3d Cir. 2021) ................................................................................................................... 15

*Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247 (3d Cir. 2014)................................3, 6, 8

*California v. Grace Brethren Church*, 457 U.S. 393, 102 S.Ct. 2498 (1982)............................ 2

*DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 126 S.Ct. 1854 (2006) ............................... 3, 4

*Fair Housing Council of Suburban Phila. v. Montgomery Newspapers*, 141 F.3d 71 (3d Cir. 1998) ....................................................................................................................... 6

*Gass v. Cnty. of Allegheny, PA*, 371 F.3d 134 (3d Cir. 2004) ................................ 2

*Hardwick v. Cuomo*, 891 F.3d 1097 (3d Cir. 1989)....................................... 12

*Havens Realty Corp. v. Coleman*, 455 U.S. 363, 102 S.Ct. 1114 (1982)).................. 6

*Jamal v. Kane*, 96 F.Supp.3d 447 (M.D.Pa. 2015)........................................ 10

*Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 130 S.Ct. 2323 (2010)................... 12

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S.Ct. 2130 (1992) ................ 3, 7

*Pa. Psychiatric Society v. Green Spring Health Svcs., Inc.*, 280 F.3d 278 (3d Cir. 2002).......... 8

*Raines v. Byrd*, 521 U.S. 811, 117 S.Ct. 2312 (1997)................................... 3

*Shuker v. Smith & Nephey PLC*, 885 F.3d 760 (3d Cir. 2018)............................ 14

*Sierra Club v. Morton*, 405 U.S. 727, 92 S.Ct. 1361 (1972) ........................... 7

*South Dakota v. Wayfair, Inc.*, --- U.S. ---, 138 S.Ct. 2080 (2018) ................. 15

*Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 134 S.Ct. 2334 (2014) ............ 4

*Walden v. Fiore*, 571 U.S. 277, 134 S.Ct. 1115 (2014) .............................. 14

## Statutes

28 U.S.C. § 1331 ...................................................................... 2

28 U.S.C. § 1341 ...................................................................... 2

72 P.S. § 7208 ....................................................................... 15

72 P.S. § 7231 ....................................................................... 10

72 P.S. § 7243 ....................................................................... 10

72 P.S. § 7258......................................................................... 10

## Other Authorities

U.S. Const. Art. III, § 2.............................................................. 3

## Rules

LOCAL RULE 7.8....................................................................... 17

## STATEMENT OF ALLEGATIONS

Plaintiff is the Online Merchants Guild ("OMG"), a trade association for e-commerce merchants ("Members"). [COMPL., ¶ 1]. Defendant is C. Daniel Hassell, in his official capacity as the Secretary of the Pennsylvania Department of Revenue ("Department"). [*Id.*].

OMG challenge the Department's mailing of letters to OMG's Members *in preparation for* demands that such Members pay sales tax. [*Id.*, ¶ 4] (emphasis added). Challenging the *single* discrete action of the Department in sending the letter, OMG notes that the letter states recipients only "may have a physical presence in the Commonwealth and may be subject to Pennsylvania's income and sales tax laws" and interprets such letter as "threaten[ing]" back taxes and monetary penalties. [*id.*, ¶ 9]. OMG contends the letter also "warns" that Pennsylvania's sales tax economic presence law is not applicable because it only applies to "those businesses with no physical presence in Pennsylvania[.]" [*id.*, ¶ 47].  In short, although OMG is not challenging the assessment of back taxes or monetary penalties, and does not allege any assessments have been issued, it contends the mailing of the Letter caused irreparable harm[1] to both OMG and its Members and requests preliminary injunctive relief. [*Id.*, ¶¶ 51, 56, 61].

_____

[1] Although the precise relief requested is not apparent from OMG's Complaint, OMG's brief explicitly confirms that "[t]his action does not seek damages…". [Doc. 10 at 14].

1

## STATEMENT OF QUESTION(S) INVOLVED

I.   WHETHER THE COURT HAS JURISDICTION OVER THE SUBJECT MATTER OF THIS ACTION?
Suggested Answer: **No**

II.  WHETHER OMG HAS STATED A CLAIM JUSTIFYING THE EXTRAORDINARY RELIEF OF A PRELIMINARY INJUNCTION IS NECESSARY IN THIS ACTION?
Suggested Answer: **No**

## ARGUMENT

## I. The Court lacks Jurisdiction

OMG invoked federal question jurisdiction to allege violations of the Due Process Clause, the Commerce Clause, and the Internet Tax Freedom Act. *See* [COMPL., ¶ 10] (citing 28 U.S.C. § 1331). However, properly recognizing that the Tax Injunction Act ("TIA") precludes federal district courts from "enjoin[ing], suspend[ing] or restrain[ing][2] the <u>assessment, levy or collection</u> of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State[,]" 28 U.S.C. § 1341 (emphasis added), OMG only brings a "targeted challenge"[3] to "discrete aspects"[4] of the Department's action—the action of sending a letter to an unidentified subset of OMG's Members—and requests declaratory and injunctive relief. *See* [COMPL., ¶ 63].

---

[2] Although the express language of the TIA refers to injunctive actions, the TIA also prohibits federal courts from issuing declaratory judgments holding state tax laws unconstitutional. *See California v. Grace Brethren Church*, 457 U.S. 393, 408, 102 S.Ct. 2498 (1982); *accord Gass v. County of Allegheny, PA*, 371 F.3d 134, 136 (3d Cir. 2004).
[3] *See* [PL. BR. at 9] (characterizing this action as "targeted challenge").
[4] *See* [COMPL., ¶ 5] ("discrete aspects").

As we explain herein, OMG's "targeted challenge" *must* be dismissed for lack of jurisdiction on two grounds—Standing and Ripeness—and *should* be dismissed on a third—Comity. Each are addressed seriatim.

## A. <u>Standing</u>

"No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies," *Raines v. Byrd*, 521 U.S. 811, 818, 117 S.Ct. 2312 (1997); U.S. Const. Art. III, § 2. To satisfy that case or controversy requirement, OMG bears the burden of demonstrating Article III standing. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 126 S.Ct. 1854 (2006); *Danvers Motor Co. v. Ford Motor Co.*, 432 F.3d 286, 291 (3d Cir. 2005). To demonstrate Article III standing, OMG must establish the well settled "irreducible constitutional minimum" requirements of (i) an injury in fact (*i.e.*, a "concrete and particularized" invasion of a "legally protected interest"); (ii) causation (*i.e.* a "'fairly… trace[able]' "connection between the alleged injury in fact and the alleged conduct of the defendant); *and* (iii) redressability (*i.e.*, that it is " 'likely' " and not "merely 'speculative' " that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit). *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130 (1992); *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 278 (3d Cir. 2014).

An organization may possess standing *either* on behalf of itself, *see, e.g.*, *Warth v. Seldin*, 422 U.S. 490, 511 (1975), *or* on behalf of its members, *Hunt v. Washington State*

*Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977), but, both circumstances are subject to exacting standards, *and*, OMG bears the burden of "demonstrat[ing] standing *separately* for each form of relief sought." *DaimlerChrysler Corp.,* 547 U.S. at 335, 126 S.Ct. at 1867. (emphasis added). When, as here, a Plaintiff seeks to assert standing in a pre-enforcement context—the Court must consider whether there are allegations showing "[1] an intention to engage in a course of conduct arguably affected with a constitutional interest, but [2] proscribed by statute, and [3] there exists a credible threat of prosecution thereunder." *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 134 S.Ct. 2334 (2014).

Here, OMG lacks standing because its entire argument is premised upon a bait-and-switch. Although OMG appears to complain of perceived inequities in Pennsylvania's tax collection procedures, OMG explicitly concedes this action does not challenge Pennsylvania's ability to <u>assess, levy or collect</u> tax, but instead *only* challenges the "discrete aspects of the DOR's actions" which involved the sending a letter to

OMG members—a letter which it characterizes as a "demand" and "threat." *See* [EXHIBIT A].[5,6]

When viewed in focus, OMG essentially asserts that some unidentified subset of its members received or will receive letters from the Department, [Doc. 1, ¶ 9], which state those members may be subject to tax, and 'demands' they register, [*id.*, ¶ 5], or otherwise they later might be faced with a tax assessment and related monetary penalties. Because when disregarding the bait (*i.e.* OMG's challenge to the Department's authority to "assess, levy, or collect" tax) to focus on the actual challenge here (the Department's authority to send of a letter) one is met with the unavoidable

_____

[5] EXHIBIT A is, excepting confidential information, a *complete*, true and correct copy of the letter sent to the entity Garren Fitness LLC. Although it is not immediately apparent why OMG redacted the "mail date" of such letter, one could surmise it was because that mail date would also present a *mootness* issue because, even accepting the allegations of OMG's February 26, 2021 Complaint as true, 'Garren Fitness LLC' failed to respond within the "threatened" fifteen (15) day deadline of the letter—by February 24, 2021— and thus any deprivation from that letter had already occurred.

[6] OMG's characterization of the letter as a threat is belied by the letter itself, which, states, *in pertinent part*, the following:

> The Pennsylvania Department of Revenue has determined that your business <u>may</u> have a physical presence in the Commonwealth and <u>may</u> be subject to Pennsylvania's income and sales tax laws. The Department of Revenue is currently offering a voluntary compliance program to help certain businesses become compliant with past due tax obligations. This business <u>may</u> be eligible to participate in that program.

EXHIBIT A (emphasis added); *see also* [Doc. 9-3, pg. 5].

conclusion that OMG is without standing—either in its own right or on behalf of its members—the Complaint must be dismissed.

  i.  *The Guild does not have Standing on Behalf of Itself*

OMG asserts standing "in its own right" because it has "been forced to divert its resources to address the impacts of the challenged DOR conduct [*i.e.* of sending a letter.]" [Doc. 1, ¶ 15]. OMG's executive director, Paul Rafelson, asserts that OMG "has had to devote resources to addressing the DOR's newer actions." [RAFELSON, ¶ 28]. Thus, OMG's injury "in its own right" is a perceived need to divert and devote resources to "address" the Department's mailing of letter. Such injury is insufficient for standing.

"An organization may establish a 'concrete and demonstrable injury' sufficient to confer standing if a defendant's actions 'perceptibly impair' the organization's ability to provide services." *Blunt*, 767 F.3d at 285 (quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 378-79, 102S.Ct. 1114, 1124 (1982)). Organizations may not satisfy this standard by making expenditures solely for the purpose of litigation. *Id.* (quoting *Fair Housing Council of Suburban Philadelphia v. Montgomery Newspapers*, 141 F.3d 71, 75 (3d Cir. 1998)). Thus, for OMG to have standing, in its own right, it must establish that its efforts to fulfill its mission as an organization have been frustrated. *See id.* at 286. OMG cannot do so here.

"[A] mere 'interest in a problem,' no matter how longstanding the interest and no matter how qualified the organization is in evaluating the problem, is not sufficient by itself to render the organization 'adversely affected' or 'aggrieved.'" *Sierra Club v. Morton*, 405 U.S. 727, 739, 92 S.Ct. 1361, 1368 (1972). "[A] plaintiff raising only a generally available grievance about government-claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large-does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74. OMG's challenge to the Department's "position" is no different than any other individual who believes they are not subject to Pennsylvania's sales and income tax laws as non-residents. Moreover, OMG's own filings reveal it made expenditures in exact accord with its given purpose, and thus, its ability to fulfill its mission was not frustrated by the sending of the letters—OMG was engaging in the exact actions for which it was organized – and may continue to do so in accordance with Pennsylvania's Tax Code. OMG thus lacks standing in its own right.

ii.   *The Guild does not have Standing on Behalf of its Members*

OMG also asserts standing "on behalf of its members" because they "are or may be affected by the DOR conduct [of sending a letter.]" [Doc. 1, ¶ 16]. OMG asserts, *ipse dixit*, that those members "would have standing in their own right because they have been or may be subject to DOR's challenged conduct [of sending a letter.]" [*Id.*].

7

We remind the Court once again that OMG does not contend that the Pennsylvania Department of Revenue has made a definitive determination that OMG's Members had a physical presence in Pennsylvania. *Contra* [Doc. 9-3, pg. 5] ("your business *may* have a physical presence in the Commonwealth and *may* be subject to Pennsylvania's income and sales tax laws") (emphasis added). Moreover, while OMG spends a great deal of ink describing Amazon's FBA program, it does not point to any statements within the challenged action (the sending of the letter) which indicate they are, in any way, related or limited to Amazon and/or businesses participating in Amazon's FBA program. OMG likewise does not, and cannot, contend that the Department has taken *any* enforcement action against its Members for their conjectural 'failure to register' with the Department. *Cf.* [TARLINI, ¶¶ 5-7] Nor could OMG make such contentions, given the 'jurisdiction-stripping effect' which the Tax Injunction Act would have on that contention. Finally, OMG does not contend its members suffered any monetary damages resulting from such letter, and thus does not request any monetary damages as a form of relief here.  Nor could OMG obtain the same "[b]ecause claims for monetary relief usually require individual participation, courts have held associations cannot generally raise these claims on behalf of their members." *Blunt*, 767 F.3d at 289 (quoting *Pa. Psychiatric Society v. Green Spring Health Svcs., Inc.*, 280 F.3d 278, 284 (3d Cir. 2002)).

8

The only 'injury' which OMG can assert "on behalf of its members" is a perceived need to prepare evaluate whether they are subject to Pennsylvania sales and income tax laws, such that when a conjectural future enforcement action occurs, they will be able to defend their interests. That is, OMG contends the letter creates a "chilling effect"– being advised they *may* have potential exposure to Pennsylvania's sales tax laws has caused them to forego engaging in the marketplace. Not only is such an 'injury' is insufficient to satisfy the irreducible constitutional minimum of an injury in fact, but it is also belied by OMG's own declarations.[7] In sum, the Complaint must be dismissed for lack of standing and, *a fortiori*, lack of jurisdiction.

---

[7] In the Declaration Paul S. Rafelson, the Executive Director of the Guild, it describes the method by which FBA sellers provide Amazon with goods: merchants are directed to ship the goods to Amazon's custody who then redistributes the goods across the network of warehouses. Doc. 10-1, ¶ 7. In other words, the merchants ship their goods to Amazon, who then determines, without the knowledge or input of the seller, to a warehouse somewhere in the United States. These sellers do not know where their goods are going, and therefore, do not know whether their specific goods touched Pennsylvania at all. Nothing in the pleadings or exhibits states otherwise.

Illustrating this point even further is the fact that the two submitted declarations of Guild members (OMG TRO-PI Exhibit 2, Doc. 10-2; OMG TRO-PI Exhibit 3, Doc. 10-3) do not even definitively claim to have had their goods sold from Pennsylvania, which could trigger a tax being collected. The closest they come is the Declaration of J. Scott Moody, where it states "[s]ometimes Amazon directs me to send goods to Amazon in Pennsylvania. Typically, Amazon will move goods around from there." Doc. 10-3, ¶6. This paragraph does not claim that his goods are sold from a Pennsylvania warehouse – it merely states that "sometimes" Pennsylvania was "typically" a pass-through.

B. <u>Ripeness</u>

Beyond Article III standing, Plaintiff must also demonstrate that the dispute presented satisfies the ripeness doctrine–that its claims are sufficiently mature and properly adjudicable. This Court has previously noted that considerations fundamental to a ripeness analysis include "the fitness of the issues for judicial decision" and "the hardship to the parties of withholding court consideration." *Jamal v. Kane*, 96 F.Supp.3d 447, 458 (M.D.Pa. 2015) (J. Conner) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 154, 87 S.Ct. 1507 (1967)). More pointedly, when, as here, the Plaintiff brings a challenge in the pre-enforcement context, this Court has described the ripeness considerations as requiring: (1) the parties to have sufficiently adverse legal interests; (2) the facts to be sufficiently concrete to allow for conclusive legal judgment; and (3) the judgment would have utility or render practical help to the parties. *Id.* (citations omitted). OMG cannot satisfy those requirements here.

The Department's letter itself does not impose any obligations upon OMG or its members. Despite the ambiguous and conjectural nature of the allegations of OMG's complaint, and the lack of factual specificity with respect to *any* actions taken by the Department, it is indisputable (and undisputed) that the Department's letter is nothing more than a request for information. By its plain terms it simply offers recipients the ability to <u>reduce</u> their exposure to Pennsylvania law. *See* [Exhibit A]; *accord* 72 P.S. §§ 7231("Mode and time of assessment"); 7243 ("Suit for taxes"); 7258 ("Limitation on

10

assessment and collection"). Stated differently, had the Department never sent the letter, Pennsylvania's authority to assess, levy and collect the "threatened tax" would have been greater than existed had the offer within the letter been accepted by its recipients. In short, OMG is unable to demonstrate that the parties' legal interests are sufficiently adverse. Moreover, the facts alleged by OMG lack the certainty necessary to allow for conclusive legal judgment. The declarations attached to Plaintiff's Complaint do explicitly state that its Members do, *in fact*, have inventory stored in Pennsylvania by virtue of Amazon's FBA program—suggesting, instead, that they lack the ability or knowledge as to where such property would be located or warehoused. Finally, it is difficult to conceive what utility the Court's preclusion of the Department's letter could provide to OMG or its members. *Assuming arguendo*, the Court issued such an Order, accepting OMG's own explanation of the Tax Injunction Act, the Department is not foreclosed from issuing a tax assessment against such OMG member instead of the letter. In short, OMG's Complaint simply does not present a ripe dispute.

### C. Comity

Assuming, *arguendo*, that OMG had standing to challenge the Department's sending of the letters, and that challenge of the letters presented a ripe dispute, federal precedent nonetheless suggests the Court should nonetheless decline to exercise jurisdiction under the principle of comity.  Comity bars actions in federal courts when those actions would risk disrupting the administration of a state's tax system. *See, e.g.,*

*Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 417, 425-426, 130 S.Ct. 2323 (2010). "More embracive than the [Tax Injunction Act], the comity doctrine applicable in state taxation cases restrains federal courts from entertaining claims for relief that risk disrupting state tax administration." *Id.* at 417. The principle of comity serves to "prevent federal court interference with the assessment and collection of state taxes" and to direct challenges to tax collection towards the "adequate state remedies." *Hardwick v. Cuomo*, 891 F.3d 1097, 1104 (3d Cir. 1989). By its plain terms, OMG seeks to interfere with the Department's ability to implement its state tax laws. Thus, the principles of comity require dismissal.

## II.   Plaintiffs cannot prevail on the merits

### A. <u>Due Process</u>

OMG's first count vaguely asserts the Department's letter—which they refer to as "registration demands"—violates the "Due Process Clause" without identifying whether they are claiming a violation of procedural due process[8] or substantive due process.[9] Despite the oblique nature in which it is presented, what *is* clear from the

---

[8] To state a claim for Procedural Due Process, Plaintiff must allege *both* that he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' *and* that the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown,* 455 F.3d 225, 233–35 (3d Cir. 2006).

[9] To state a claim for a violation of Substantive Due Process, Plaintiff must allege facts showing that the particular interest at issue at stake is protected by the Substantive Due

Complaint is that the due process claim is nothing more than OMG's solution in search for a problem.

OMG implies that by "demand[ing]" that non-resident Members register with the Department in the absence of personal jurisdiction, [COMPL., ¶ 50], the Department is imposing a burden on the Member's "participation in interstate and international commerce." [*Id.*, ¶ 52]. However, OMG does not describe how such participation is burdened <u>by the Department's Letter,</u> *contra* [BLEE, ¶ 8],[10] [MOODY, ¶ 9], and has not explained how the Department's letter 'compelled registration' or resulted in *any* "increased liability exposure" or imposed any "significant financial and administrative burden[s]." Instead, OMG selectively paraphrases the Department's Letter to erect straw-men arguments. *See* [*Br.* at 11-15]. As best as can be perceived from OMG's theory, <u>the Department's Letter</u> seeks to "regulate non-residents" because of the unilateral choice of an entity not party to this lawsuit to store some the Member's goods in Pennsylvania warehouses, [*Br.* at 11] ("The Department contends…"), and OMG thus argues that the unilateral activity of a third party has repeatedly been held to be

---

Process clause and the government's deprivation of that interest shocks the conscience. *See, e.g.*, *Chainey v. Street*, 523 F.3d 200, 219-20 (3d. Cir. 2008)

[10] Although Blee complains, *ipse dixit*, of not having "tax money" and the "significant financial and administrative burden" of compliance with the tax laws in multiple states, [BLEE, ¶ 8], there has been no request for payment—a fact OMG concedes because if there had been, the TIA would preclude such a challenge.

insufficient for personal jurisdiction. *Id.* (citing *Walden v. Fiore*, 571 U.S. 277, 291, 134 S.Ct. 1115 (2014)).

OMG later implies <u>the Department's Letter</u> concluded that the "unilateral decision to store goods in Pennsylvania" gave it jurisdiction to send letters to Members who supplied the goods stored in Pennsylvania. *See* [*Id.* at 12] ("According to the Department…"). OMG obliquely suggests that <u>the Department's Letter</u> presents a "stream-of-commerce" theory for personal jurisdiction which would allow it to send letters to Members, [*Id.* at 13] ("The upshot of the Department's theory…"), and seeks to rebut that implied "stream-of-commerce" argument as one which has repeatedly been discredited as being sufficient for personal jurisdiction. [*Br.* at 13] (quoting *Shuker v. Smith & Nephey PLC*, 885 F.3d 760, 780 (3d Cir. 2018)). OMG finally concludes that the arguments it imputed to the Department regarding personal jurisdiction are insufficient to implicitly justify the Department's action of sending letters to its Members. *See* [*Br.* at 14]. In short, OMG has failed to state a claim for a violation of due process.

## B. <u>Commerce Clause</u>

OMG's second count asserts the Department's letter violates the dormant Commerce Clause by "discriminating against out-of-state merchants" in favor of an in-state merchant. *See* [COMPL., ¶ 54]. However, OMG does not present factual allegations

supporting this assertion. While Federal courts use a four-part test[11] to determine whether a tax violates the dormant Commerce Clause, *American Resort Dev. Ass'n v. Gov't of the V.I.*, --- Fed.App'x.---, 2021 WL 868518 (3d Cir. 2021), OMG has made it clear that this action does not involve a challenge to the Department's ability to assess, levy, or collect tax and is only challenging a letter. The Commerce Clause claim thus fails.

### C. Internet Tax Freedom Act

OMG's final count asserts the Department's letter violates the Internet Tax Freedom Act by imposing "discriminatory taxes on electronic commerce." [COMPL., ¶ 59]. Once again, OMG does not present factual allegations supporting this assertion, and simply hypothesizes "[u]pon information and belief" that the Department does not impose a registration requirement on non-resident suppliers of "brick-and-mortar" consignment stores or stores which have supplier arrangements described in the Complaint. *See* [*id.*, ¶ 60]. Pennsylvania law provides otherwise. *See* 72 P.S. § 7208(a) (requiring "[e]very person maintaining a place of business" to register).

### CONCLUSION

Based upon the foregoing, OMG's Motion should be denied and Complaint be dismissed.

---

[11] A tax survives under that test so long as it "(1) applies to an activity with a substantial nexus with the taxing state, (2) is fairly apportioned, (3) does not discriminate against interstate commerce, and (4) is fairly related to the services the state provides." *South Dakota v. Wayfair, Inc.*, --- U.S. ---, 138 S.Ct. 2080, 2091 (2018) (citations omitted)

Respectfully submitted,
**JOSH SHAPIRO**
Attorney General

By: _____

abowers@attorneygeneral.gov
Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 787-2038

**ANTHONY BOWERS**
Deputy Attorney General
PA 311155

**ALLISON DEIBERT**
Deputy Attorney General
PA 309224

**KAREN ROMANO**
Chief Deputy Attorney General
*Counsels* for Defendant

16

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ONLINE MERCHANTS GUILD** | : | |
| *Plaintiff* | : | |
| | : | **No. 1:21-CV-0369** |
| **v.** | : | |
| | : | Judge Conner |
| **C. DANIEL HASSELL, in his** | : | *Complaint Filed 02/26/21* |
| **official capacity as SECRETARY OF** | : | |
| **REVENUE, DEPARTMENT OF** | : | |
| **REVENUE** | : | |
| *Defendants* | : | **Electronically Filed Document** |

## DECLARATION OF SUZANNE TARLINI

I, Suzanne Tarlini, hereby declare under penalty of perjury in accordance with

28 U.S.C. § 1746 that the following facts are true and correct based upon my personal

knowledge or from my review of records routinely maintained during the operation of

the Pennsylvania Department of Revenue:

1. I am presently employed as the Bureau of Registration and Taxpayer
   Management Director with the Pennsylvania Department of Revenue
   ("Department").

2. I have been employed by the Department for 18 years, and have served in my
   current role for approximately two (2) years.

3. I am familiar with the Business Activities Questionnaire Request that are being sent by the Department's Bureau of Registration and Taxpayer Management, and about which Counsel advised are the subject of the above captioned action.

4. Upon the request of counsel, I was asked to identify the total quantity of questionnaires which have been sent out to businesses believed to have nexus with the Commonwealth—and responded that, as of March 23, 2021, the Department has sent 11,263 letters.

5. I was also asked to identify the nature of the 'additional enforcement actions' identified within the letters sent to businesses believed to have nexus with the Commonwealth and advised that the additional enforcement actions would be an audit and/or assessment.

6. I was asked to identify the total quantity of assessments, whether of tax or penalties described in the letter for a failure to respond or register, which have been sent out to businesses believed to have nexus with the Commonwealth— and responded that, as of March 23, 2021, the Department has issued 0 assessments of tax or penalties.

7. I further report that no enforcement has occurred as a result of the letters and no enforcement will occur until after the conclusion of the Department's Voluntary Compliance Program for Retailers with Inventory in Pennsylvania,

as is more fully described on the Department's website at

https://www.revenue.pa.gov/GeneralTaxInformation/Tax%20Types%20and
%20Information/TaxObligOnlineRetailers/Pages/Voluntary-Compliance-
Program-For-Retailers.aspx.

03/29/21                              _Suzanne Tarlini_____
Date                                  Suzanne Tarlini



**Exhibit A**



BUREAU OF REGISTRATION AND TAXPAYER MANAGEMENT
PO BOX 281221
HARRISBURG PA 17128-1221

GARREN FITNESS LLC
600 N BROAD ST STE 5 # 3112
MIDDLETOWN DE  19709-1032





000BU1012746563 01 03 02608 0 00





BUREAU OF REGISTRATION AND TAXPAYER MANAGEMENT
PO BOX 281221
HARRISBURG PA 17128-1221

**BUSINESS ACTIVITIES QUESTIONNAIRE REQUEST**

GARREN FITNESS LLC
600 N BROAD ST STE 5 # 3112
MIDDLETOWN DE  19709-1032

REVENUE ID:................................2245245542
FEIN:............................................
NOTICE NUMBER:......................BU1012746563
MAIL DATE:................................02/09/2021
CASE ID:.....................................

Dear Taxpayer,

The Pennsylvania Department of Revenue has determined that your business may have a physical presence in the Commonwealth and may be subject to Pennsylvania's income and sales tax laws. The Department of Revenue is currently offering a voluntary compliance program to help certain businesses become compliant with past due tax obligations. This business may be eligible to participate in that program.

Pennsylvania's Tax Reform Code provides that storing property or the property of a representative, including inventory, at a distribution or fulfillment center, or any other location within the Commonwealth, constitutes a physical presence that creates certain tax obligations with Pennsylvania. Income and applicable sales taxes should be reported and remitted to the Pennsylvania Department of Revenue starting with the date that property was first located within the state.

The voluntary compliance program is offering a limited lookback period from Jan. 1, 2019. Businesses that choose to participate in this voluntary compliance program will not be liable for taxes prior to this date. They will also be given penalty relief for any non-compliance for past due tax returns that were not filed and taxes that were not paid.

### Why is this business getting this letter?

The department is unable to verify tax registration or tax filings for this business and believes that it may have unpaid tax liabilities in Pennsylvania based on the business' physical presence.

### What must a business do to participate in the voluntary compliance program and become compliant?

Complete the enclosed questionnaire and return it to the department within fifteen (15) days from the date of this letter. Alternatively, for your convenience, you may complete the questionnaire securely on our website at **www.revenue.pa.gov/baqinv**. This office will review the information provided, as well as other available information, to determine if this business may be subject to sales and/or income taxes. Those businesses that are determined to be subject to Pennsylvania taxes will be registered and notified of their collection and filing obligations.

If the business would like to register to begin collecting Pennsylvania sales tax, complete the online application at **www.pa100.state.pa.us**. It is important to enter a business start date of Jan. 1, 2019 on the PA-100 and complete Section II of the enclosed questionnaire.

The business may also be required to report and pay Pennsylvania income tax. The type of filing is based on the business' structure or filing election.

### Could Pennsylvania's economic presence law apply to these businesses?

The sales tax economic presence law enacted in Act 13 of 2019 (See 72 P.S. § 7202 et seq.) applies only to those businesses with no physical presence in Pennsylvania. If this business has property or inventory located within Pennsylvania, it does not fall under the provisions of these laws.

### What happens if the department is unable to verify compliance?

Failure to provide the information requested will result in additional enforcement actions and the business will forfeit any penalty relief or limited lookback provisions provided by the voluntary compliance program.



**How do I submit the completed Business Activity Questionnaire?**

The questionnaire should be completed and submitted to the department by either email at **ra-rv-brtm-discovery@pa.gov** or fax at 717-425-2952.

**Who do I contact with questions?**

If you have any questions or concerns about this notice, you can contact the Discovery Division at 717-772-2960, Option 1 for Nexus. You can also email questions and the completed questionnaire to the department at **ra-rv-brtm-discovery@pa.gov**. You should reference your case number or Revenue ID number when contacting this office.

Enclosures

REVENUE ID:  2245245542
CASE ID:    300000280880

**INSTRUCTIONS:**
Complete all sections of the Business Activity Questionnaire and Email to **ra-rv-brtm-discovery@pa.gov** or Fax to (717) 425-2952.

| SECTION I | BUSINESS INFORMATION |
|---|---|

| Legal Name | | | Telephone Number |
|---|---|---|---|

| Business Location Street | | City | State | Zip |
|---|---|---|---|---|

| Tax ID Number | Tax ID Type ☐ Federal Entity Identification Number (FEIN)   ☐ Social Security Number (SSN)  ☐ Individual Taxpayer Identification Number (ITIN) |
|---|---|

**Enter the following information for Owners, Officer, Partners or other Responsible Parties:** *(Use a separate sheet of paper if additional space is needed.)*

| Name | Title | SSN/ITIN |
|---|---|---|
| Mailing Address | City | State | Zip |
| Name | Title | SSN/ITIN |
| Mailing Address | City | State | Zip |
| Name | Title | SSN/ITIN |
| Mailing Address | City | State | Zip |

**Business Entity Type:**

☐ Corporation          ☐ Limited Liability Company          ☐ Sole-Proprietor

☐ S-Corporation        ☐ Partnership                        ☐ Other _____

**How is the entity treated for Federal purposes?**

☐ Corporation          ☐ Partnership          ☐ Sole-Proprietor

**What Federal form was filed with the IRS in 2019?**

☐ Corporate Return (1120)     ☐ Partnership Return (1065)     ☐ Sole-Proprietor (1040)

☐ Other _____          ☐ None

**Is the entity already registered with the Pennsylvania (PA) Department of Revenue?**          ☐ Yes*          ☐ No

*If Yes, enter the Revenue ID Number: _____     Or, enter an Account ID: _____

| Section II | NEW PA REGISTRATION *(Online PA100 can be found at www.pa100.state.pa.us)* |
|---|---|

**As a result of this communication has the business completed the PA100?**

☐ Yes, the business has registered under the Revenue ID indicated on the form or has added additional taxes to an existing Revenue ID.

☐ No, the business is already registered and/or filing appropriately.

☐ No, the business did not complete the PA100 and the business is not registered with the PA Department of Revenue.

| Section III | BUSINESS ACTIVITY *(Use a separate sheet of paper if additional space is needed.)* |
|---|---|

**Describe the business's activity including products and services provided to PA customers:**

0008U1012746563 03 03 02608 1 00



| Does this business store property or inventory in PA? | ☐ Yes* | ☐ No |
|---|---|---|
| *If Yes, enter the date the business began storing property in PA: _____ | | |

**Sales to PA customers are made by:** *(Mark all that apply.)*
☐ This Business        ☐ Marketplace Facilitator        ☐ Other*        ☐ Not Applicable
*If Other is selected, provide and explanation in Secton IV, Business Information for Other.

| Enter the value of property or inventory in PA during 2019:  $ |
|---|
| Enter the amount of gross sales to PA customers in 2019:  $ |
| Enter the amount of taxable sales to PA customers in 2019: $ |

**Taxable Services and Products:** For information regarding PA taxable products and services, refer to the PA Retailer's Information Guide, REV 717 available on the Department's web site at **www.revenue.pa.gov**.

| SECTION IV | MARKETPLACES AND OTHER BUSINESS INFORMATION *(Use a separate sheet of paper if additional space is needed.)* |
|---|---|

**Marketplace Facilitator:**

| FEIN/ITIN |
|---|

| Street | City | State | Zip |
|---|---|---|---|

| Telephone Number | Website |
|---|---|

If this marketplace/retailer is a foreign business entity, enter their US location or affiliation if known

Affiliated Business Name

| Street | City | State | Zip |
|---|---|---|---|

**Marketplace Facilitator**

| FEIN/ITIN |
|---|

| Street | City | State | Zip |
|---|---|---|---|

| Telephone Number | Website |
|---|---|

If this marketplace/retailer is a foreign business entity, enter their US location or affiliation if known

Affiliated Business Name

| Street | City | State | Zip |
|---|---|---|---|

**Other* Name:**

| FEIN/ITIN |
|---|

| Street | City | State | Zip |
|---|---|---|---|

| Telephone Number | Website |
|---|---|

*If sales are made by Other selected above in Section III, provide an explanation:

| Section V | BUSINESS'S ONLINE STORES |
|---|---|

Provide the web address(es) for any of this business's own websites:

| Section VI | BUSINESS REPRESENTATIVE |
|---|---|

| Representative Name (Printed) | Title | Email |
|---|---|---|
| Signature | Date | Telephone Number |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.8

I, Anthony Bowers, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that the foregoing BRIEF IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION complies with the word-count limit described in LOCAL RULE 7.8, in that it contains 4030 words.

By: _____

**ANTHONY BOWERS**
Deputy Attorney General

Office of Attorney General                 PA Attorney ID 311155
15th Floor, Strawberry Square              Counsel for Defendant
Harrisburg, PA 17120
Phone: (717) 787-2038
**abowers@attorneygeneral.gov**

17

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ONLINE MERCHANTS GUILD** | : | |
| *Plaintiff* | : | |
| | : | **No. 1:21-CV-0369** |
| **v.** | : | |
| | : | Judge Conner |
| **C. DANIEL HASSELL, in his** | : | *Complaint Filed 02/26/21* |
| **official capacity as SECRETARY OF** | : | |
| **REVENUE, DEPARTMENT OF** | : | |
| **REVENUE** | : | |
| *Defendants* | : | **Electronically Filed Document** |

## CERTIFICATE OF SERVICE

I, Anthony Bowers, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on March 29, 2021, I caused to be served a true and correct copy of the foregoing document, titled DEFENDANT'S BRIEF IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION, upon the following via ECF and email:

David F. Wilk (#65992)
Lepley, Engelman, Yaw & Wilk, LLC
140 East Third Street
Williamsport, PA 17701
570-323-3768
davew@lepleylaw.com

Aaron K. Block (admitted *pro hac vice*)
The Block Firm LLC
4200 Northside Parkway
Building 1, Suite 200
Atlanta, Georgia 30327

1

(404) 997-8419
aaron@blockfirmllc.com

Paul S. Rafelson (admitted *pro hac vice*)
Rafelson Schick, PLLC
Boca Raton, Florida 33431
833-326-6529
paul@frsattorneys.com
*Counsel for Plaintiff*

By: _____

**ANTHONY BOWERS**
abowers@attorneygeneral.gov          Deputy Attorney General
Office of Attorney General           PA Attorney ID 311155
15th Floor, Strawberry Square        Counsel for Defendant
Harrisburg, PA 17120
Phone: (717) 787-2038

2